Singh v. Barr

BIA
Cassin, IJ
A206 034 873

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty.

PRESENT:
>       JON O. NEWMAN,
>       JOSEPH F. BIANCO,
>       WILLIAM J. NARDINI,
>             *Circuit Judges.*\*

_____

GURMEET SINGH,
>       *Petitioner,*

>       v.                                             18-1716
>                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Gurmeet Singh, pro se, S. Richmond Hill, NY.

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Ann M. Welhaf, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurmeet Singh, pro se, a native and citizen of India, seeks review of a May 11, 2018, decision of the BIA affirming a July 24, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurmeet Singh,* No. A 206 034 873 (B.I.A. May 11, 2018), *aff'g* No. A 206 034 873 (Immig. Ct. N.Y. City July 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Singh's petition for review. Rather than determine if the petition is frivolous as required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we

2

construe the Government's motion as its brief and deny the petition on the merits.

Under the circumstances of this case, we have reviewed the IJ's decision. *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76.

Singh provided inconsistent statements during his credible fear interview and testimony regarding which of the

two alleged beatings he suffered on account of his membership in the Shiromani Akali Dal Amritsar Mann Party ("Mann Party") he attempted to report to the police, and he did not provide any explanation for these discrepancies when he was offered an opportunity to do so.[1]  Singh now argues that he was reasonably confused about the timeline because the two attacks were similar and close in time.  But he did not present this explanation to the IJ, and this new explanation is not compelling because the timeline was not complicated and because of the specificity of his conflicting claims and denials.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks

---

[1] Singh does not challenge the IJ's reliance on the record of his credible fear interview.  Regardless, the interview record was sufficiently reliable because it contained a clear and detailed summary of the questions and Singh's responses, the questions were designed to elicit the details of Singh's claim, and there was no suggestion that Singh was intimidated or did not understand the translator.  *See Ming Zhang v. Holder*, 585 F.3d 715, 723–25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004).

4

omitted)).[2] Moreover, the IJ reasonably concluded that Singh's testimony regarding his and his father's participation in the Mann Party was "vague." When pressed for details about his father's involvement, Singh did not clearly state when his father had joined the party. Singh also failed to provide details regarding his own role in the party.

Having questioned Singh's credibility, the IJ reasonably concluded that Singh failed to rehabilitate his testimony with reliable corroborating evidence, and that the absence of corroboration further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (asylum

---

[2] The IJ may have erred in relying on a discrepancy in the record regarding Singh's educational history without first offering him an opportunity to explain it because it may not have been obvious and "trivial differences in the wording of statements describing the same events are not sufficient to create inconsistencies," especially where, as here, the applicant "rel[ies] on an interpreter [or translator] to convey his story." *Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019); *see Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006) ("[A]n IJ may not rest an adverse credibility finding on non-dramatic putative contradictions or incongruities in an alien's narrative without first giving the applicant a chance to reconcile the testimony."). Even if this were error, however, remand would not be required because the record contains "statements that are so inconsistent that we can be confident that the agency would not accept any kind of explanation." *Gurung*, 929 F.3d at 62.

applicant's failure to corroborate may bear on his credibility "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Even accepting Singh's argument that the IJ should not have discounted the two affidavits in the record based on their similarities—which he argues might have been expected since the two accounts were recorded by the same notary on the same day in both English and Punjabi—the IJ did not err in assigning these affidavits diminished weight because Singh's wife is an interested party and neither affiant was available for cross-examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from the applicant's friends and family did not provide substantial support for the applicant's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China); *cf. Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 526 (2d Cir.

6

2007) (suggesting that the Court would view "skeptically" an adverse credibility determination based on similarities between documents in different proceedings without a showing that the IJ considered "whether it is plausible that different [affiants] . . . , for illiteracy reasons, conveyed [truthful information] to a scrivener tied to an unchanging style" and "whether the same translator converted valid accounts into a peculiarly similar story"); *Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) ("nearly identical language" in affidavits from purportedly different authors undermined petitioner's credibility).  Moreover, Singh's wife's affidavit was not reliable because it omitted mention of an alleged June 2015 incident in which members of the opposing Congress Party came to her house looking for him and threatened her; Singh did not offer a compelling explanation for that omission, and this was an event that his wife would reasonably have been expected to include in her statement. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").  These affidavits were the

7

only evidence corroborating Singh's claim that both of his parents were murdered: Singh did not present his father's death certificate, and his mother's death certificate did not state her cause of death or otherwise corroborate Singh's claim that Congress Party members beat her to death.

Singh also failed to present reliable corroboration of his medical treatment, since the doctor's letter was prepared four years after the alleged treatment and did not indicate that it was based on contemporaneous medical records. Singh argues that the IJ erred to the extent that she relied on the absence of a notarization or a copy of the doctor's identification in assigning weight to the doctor's letter, but we afford IJs "considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence." *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008). Singh's argument that the IJ could have called the doctor to obtain testimony is unavailing because Singh had the burden to prove eligibility for relief and present evidence "without prompting from the IJ." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).

Given the inconsistencies in Singh's account of the

8

events surrounding his attacks, his vague testimony regarding his and his father's involvement in the Mann Party, and his failure to reliably corroborate his claims, the IJ's adverse credibility determination is supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-67.  We do not reach the agency's alternative burden holding because the adverse credibility determination was dispositive of all of Singh's claims, which rested on the same discredited factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

9